**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **v.** | : | **CRIMINAL NO. 3:CR-19-32** |
| **JONNIE BAKER,** | : | **(JUDGE MANNION)** |
| **ALEXANDER MARTINEZ** | | |
| | : | |
| **Defendant** | | |
| | : | |

**MEMORANDUM**

Before the court are the following eight pre-trial motions filed by the defendant Alexander Martinez: (1) a motion to compel disclosure of confidential informants, (Doc. 34); (2) a motion for discovery under Rule 16, (Doc. 35); (3) a motion for a hearing to determine conspiracy, (Doc. 36); (4) a motion to produce grand jury transcripts, (Doc. 37); (5) a motion for disclosure under Rules 404(b) and 609, (Doc. 38); (6) a motion for disclosure under Rule 807, (Doc. 39); (7) a motion for a bill of particulars, (Doc. 40); and (8) a motion to produce the government's expert information, (Doc. 41).

## I.     BACKGROUND

On January 22, 2019, Martinez and his co-defendant, Jonnie Baker, were indicted with conspiracy to possess with intent to distribute methamphetamine and cocaine base (Count I), possession with intent to distribute heroin (Count II), possession with intent to distribute

methamphetamine (Count III), possession with intent to distribute cocaine base (Count IV), possession of firearms in furtherance of a drug trafficking crime (Count V), possession of a firearm with an obliterated serial number (Count VII).[1] The Indictment also contained a forfeiture allegation, seeking property associated with the alleged illegal activity. (Doc. 1).

On March 19, 2019, Martinez appeared before the court and pleaded not guilty to the indictment. (Doc. 27). On April 14, 2019, Martinez filed the present motions, as well as a brief in support. (Doc. 42). On April 23, 2019, the government filed a brief in opposition. (Doc. 43).

On September 21, 2020, the court conducted a final pre-trial conference, during which it preliminarily issued its rulings on the motions. (Doc. 104). This memorandum sets forth the court's reasoning.

## II.    DISCUSSION

### 1. Motion to Compel Disclosure of Confidential Informants

In this motion, Martinez argues, in broad terms, that disclosure of any confidential informants by the government is necessary to prepare a defense, to test the credibility of the informants' credibility, to ascertain

---

[1] In Count VI, Baker alone was charged with being a felon in possession of firearms.

informants' relationship to the defendant and the other charges, to discover the entire scope of that relationship, as well as to discover exculpatory information.

"What is usually referred to as the informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *United States v. Rivera*, 524 Fed.App'x 821, 826 (3d Cir.2013) (quoting *Roviaro v. United States*, 353 U.S. 53, 59 (1957)). "'The scope of the privilege is limited by its underlying purpose,' . . . which is 'the furtherance and protection of the public interest in effective law enforcement.'" *Id.* at 826-27 (internal citations omitted). "The Government may be required to disclose an informant's identity when '(1) the [informant's] possible testimony was highly relevant; (2) it might have disclosed an entrapment; (3) it might have thrown doubt upon the defendant's identity; and (4) the informer was the sole participant other than the accused, in the transaction charged.'" *Id.* at 827 (citations omitted).

It is within the district court's discretion in deciding such a motion to compel the disclosure of a confidential informant's identity. *United States v.*

*Goode*, 486 Fed.App'x 261, 264 (3d Cir. 2012). The Third Circuit has explained:

> The Supreme Court has held that the government's interest in its informant's confidentiality "must give way," *Roviaro v. United States*, 353 U.S. 53, 61 (1957), only if the informant's identity is "relevant and helpful to the defense of the accused, or is essential to a fair determination of a cause," *Id.* at 60-61. We have held that the defendant bears the burden of showing why he has a "specific need" for the disclosure of the informant's identity. *United States v. Jiles*, 658 F.2d 194, 197 (3d Cir. 1981) (citations omitted). "[M]ere speculation" that the informant's testimony would be "helpful to [a] defendant's case is not sufficient." *Id.* (citations omitted).

*Goode*, 486 Fed.App'x at 264-65.

In its response, the government indicates that there are no confidential sources to provide, though it does not foreclose the possible use of "historical" confidential informants at trial if their testimony is relevant and admissible. However, the government correctly notes that Martinez has not set forth any specific need for disclosure beyond a general desire for such information, which is a prerequisite to granting such a request. *See United States v. Jiles*, 658 F.2d 194, 196 (3d Cir.1981).

In light of Martinez's failure to identify a specific reason for the identity of confidential informants, as well as the government's indication that there

- 4 -

are no confidential sources to provide at this point, the court will **DENY** the

motion. (Doc. 34).

### 2. *Motion for Full Discovery under Rule 16*

In this motion, Martinez seeks an order directing the government to

turn over any and all material under Federal Rule of Civil Procedure 16,

including his statements and the statements of his alleged co-conspirators.

The government indicates that it is well aware of its obligations under

Rule 16, and that it has provided and will continue to provide discovery to

the defense in accordance with Rule 16.

In *United States v. Yawson*, the court noted,

> Generally, governmental disclosure of evidence in
> criminal cases is governed by Federal Rule of
> Criminal Procedure 16(a). The United States Court
> of Appeals for the Third Circuit has recognized that
> discovery in criminal cases is limited to those areas
> delineated in Rule 16(a)(1) "with some additional
> material being discoverable in accordance with
> statutory pronouncements and the due process
> clause of the Constitution." *United States v. Ramos,
> 27 F.3d 65, 68 (3d Cir. 1994)*. As a general matter,
> these other areas are limited to the Jencks Act and
> materials available pursuant to the "*Brady* doctrine."
> *Id.*

*Yawson*, 2014 WL 3401663, at *1 (W.D.Pa. July 10, 2014).

Significantly, "[d]istrict courts of the Third Circuit have consistently held

that Rule 16 does not provide for the discovery of a co-conspirator's

- 5 -

statement." *United States v. Cheatham*, 500 F.Supp.2d 528, 538 (W.D.Pa. 2007) (collecting cases). The court agrees that the government is not required to produce the statements of Martinez's co-conspirator "because such statements are not [his] own statement under Rule 16(a)(1)(A)." *Id.* at 538. Therefore, the court will **DENY** the motion. (Doc. 35).

To the extent that Martinez seeks information which does not fall under Rule 16(a), the court will **DENY** his request for early or pre-trial disclosure, including statements made by co-conspirators. *United States v. Grier*, 2012 WL 5614087, at *5 (W.D.Pa. Nov. 15, 2012) ("The plain language of the Jencks Act, 18 U.S.C. §3500, the overwhelming precedent . . ., and our court of appeals well-settled position on the matter makes clear that the Court cannot mandate disclosure prior to the day on which the witness testifies at trial."). Rather, these requests constitute Jencks material which the government has indicated it will provide to him at the appropriate time pursuant to the Jencks Act, 18 U.S.C. §3500. Thus, the court will only direct the government to provide any such statements made by co-conspirators to Martinez at the appropriate time pursuant to the Jencks Act.

### 3. Motion for a Pre-Trial Hearing to Determine the Existence of a Conspiracy

Martinez additionally seeks a pre-trial evidentiary hearing, or a *James* hearing, to determine the existence of a conspiracy and the admissibility of any co-conspirator statements related to the conspiracy. The court will not conduct a pre-trial hearing, since there is no requirement under the Federal Rules of Evidence that the government first prove the existence of a conspiracy prior to the admission of any such statement.

There is no doubt that the government can admit statements of co-conspirators pursuant to a hearsay exception in Federal Rule of Evidence 801(d)(2)(E). In *Grier*, the court explained,

> Federal Rule of Evidence 801(d)(2)(E) provides an exception to the hearsay rule to admit into evidence statements of a co-conspirator made during the course of and in furtherance of a conspiracy. Before any such statement may be admitted, however, the proponent must establish by a preponderance of the evidence that (i) the conspiracy existed; (ii) both the defendant and the declarant were members of the conspiracy; and (iii) the statement was made in the course of the conspiracy and in furtherance of the conspiracy. *United States v. McGlory*, 968 F.2d 309, 333 (3d Cir.1992). In determining whether the statement is admissible as a statement of a coconspirator, the court may consider the statement itself. *Bourjaily v. United States*, 483 U.S. 171, 181 (1987).

*Grier*, 2012 WL 5614087, at *5.

"Due to the complexity of some conspiracies, it may be difficult, if not impossible, for the government to establish the conspiracy and the participation of the co-conspirators before seeking admission of a co-conspirator's statements." *Id.* at *6. In such cases, "the co-conspirator's statements can be conditionally admitted into evidence, provided that the government establishes the existence of the conspiracy and each conspirator's participation therein before it closes its case." *Id.* However, to avoid a later problem at trial if the court conditionally admits a co-conspirator's statement and then the government subsequently fails to meet its burden to admit the statement by showing that it was made in furtherance of the conspiracy, "district courts in some circuits have conducted pretrial hearings, referred to as '*James* hearings,' to [preliminarily] determine the existence of a conspiracy." *Id.*

However, the Third Circuit "has never required district courts to hold a *James* hearing, and has cautioned that the procedure of conditionally admitting conspiracy evidence 'should be carefully considered and sparingly utilized by the district courts.'" *Id.* (quoting *United States v. Continental Group*, 603 F.2d 444, 457 (3d Cir.1979)).

Regardless, a *James* hearing is not "mandatory." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir.2001) (stating that the decision to hold a *James* hearing is left to the sound discretion of the trial judge); *see also Continental Group*, 603 F.2d at 456 (Third Circuit held that "the order of proof at trial is a matter committed to the discretion of the trial judge.").

As the government observes, "[t]he trial court's determination that a conspiracy existed need only be supported by 'slight evidence' in order to admit co-conspirator statements." (Doc. 43, at 9) (quoting *United States v. Provenzano*, 620 F.2d 985, 999 (3d Cir.1980)). The government also states that a *James* hearing "would involve not only a 'mini-trial,' but could also reveal witnesses[*] identities which the government has sought to protect." (Doc. 43, at 12).

Thus, based on its discretion and its knowledge of the facts of this case, the court will **DENY** Martinez's motion, (Doc. 36), for a *James* pre-trial hearing to determine the existence of a conspiracy and the admissibility of statements of alleged co-conspirators. Additionally, the court will also **DENY** Martinez's motion insofar as it seeks pre-trial disclosure of co-conspirator statements for the reasons set forth above in the court's analysis of Martinez's Rule 16 motion. Further, the order of the witnesses that the

government calls at trial and the order of its evidence will not be modified. At trial, "the Court [will] conditionally admit the evidence [regarding statements of co-conspirators, including hearsay evidence] and later evaluate whether the government has met its obligation to prove the existence of the conspiracy and the co-conspirators[*] involvement therein." *Grier*, 2012 WL 5614087, at *6.

### 4. Motion to Disclose Grand Jury Transcripts

Next, Martinez moves to have the government disclose the grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii).

"As a matter of public policy, grand jury proceedings generally must remain secret except where there is a compelling necessity." *United States v. Procter & Gamble*, 356 U.S. 677, 682 (1957).

> "The decision to permit disclosure [of grand jury transcripts] is within the discretion of the trial court judge who must assess whether the need for disclosure overbalances the requirements of secrecy." *United States v. Mahoney*, 495 F.Supp. 1270, 1272 (E.D.Pa.1980). Federal Rule of Criminal Procedure 6(e)(3)(E) provides, inter alia, that "[t]he court may authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding; (ii) at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury . . . ." Fed.R.Crim.P. 6(e)(3)(E)(i)-(ii).

*United States v. Bunty*, 617 F.Supp.2d 359, 372 (E.D.Pa.2008).

"In order to be entitled to grand jury information during discovery in a criminal matter, a defendant must demonstrate to the Court a 'particularized need' for the information that overrides the secrecy afforded to the grand jury." *United States v. Mariani*, 7 F.Supp.2d 556, 564 (M.D.Pa.1998). "[T]he burden is on the party seeking disclosure to show a 'particularized need' that outweighs the need for secrecy." *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir.1996). "Vague allegation[s], however, [do] not demonstrate a particularized need for disclosure." *United States v. Minerd*, 299 Fed. App'x 110, 111 (3d Cir.2008); *see also* Nguyen, 314 F.Supp.2d at 616 (noting that the party seeking disclosure cannot satisfy its burden with "conclusory or speculative allegations of misconduct").

Here, the court finds that Martinez has failed to meet his burden of showing a particularized need to obtain the grand jury transcripts of trial witnesses prior to trial. Thus, the court will **DENY IN PART** Martinez's motion, (Doc. 37), for pre-trial disclosure of grand jury transcripts. However, the court will **GRANT IN PART** the motion and direct the government to immediately provide Martinez with the grand jury transcripts of his own testimony if he testified before the grand jury. The court will also direct the

government to provide him with the grand jury transcripts for any witness who will testify at trial during the government's case-in-chief at the appropriate time, in accordance with the Jencks Act.

### 5. Motion for Disclosure of Rule 404(b) and Rule 609 Information

In this motion, Martinez moves to compel the government to produce any information that it will use at trial pursuant to Federal Rules of Evidence 404(b) and 609. Namely, he seeks to have the court order the government to provide him with written pre-trial notice of any uncharged misconduct evidence that it intends to use at trial. Although he does not state as much, he appears to request that this notice be provided immediately.

While "evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," such evidence may be admissible for another purpose, such as proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident," provided that, upon request by the defendant, the government must provide reasonable notice in advance of trial, or during trial for good cause, of the general nature of any such evidence it intends to introduce at trial. Fed.R.Evid. 404(b).

- 12 -

Evidence is admissible under Rule 404(b) if (1) it has a proper purpose under Rule 404(b); (2) it is relevant under Rules 401 and 402; (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court charges the jury to consider it only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir.2002).

Rule 609 provides that, when attacking a testifying defendant's character for truthfulness via evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable by death or imprisonment for over one year must be admitted if the court finds that the probative value of that evidence outweighs it prejudicial effect. F.R.E.609(a)(1)(B). Rule 609 additionally provides that evidence that any witness has been convicted of any crime must be allowed, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." F.R.E.609(a)(2).

With respect to notice, Rule 609 states that the government must provide "reasonable advance written notice" of its intent to use the evidence

if "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." F.R.E. 609(b).

"Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" *United States v. Caldwell*, 760 F.3d 267, 286 (3d Cir.2014) (quoting F.R.E. 609(a)(1)(B)). The Third Circuit has held that this Rule "reflects a heightened balancing test" with a "predisposition toward exclusion" and, that "[a]n exception [to exclusion of the evidence] is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." *Id.* (citation omitted). "When offering a prior conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." *Id.* at 289.

The Third Circuit has "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." *Caldwell*, 760 F.3d at 286. The four factors are

"(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." *Id.* at 286 (internal quotation marks omitted).

Here, while the government does not indicate whether it has determined if any Rule 404(b) or Rule 609 evidence will be used against Martinez, it states that it is aware of the notice requirements of Rules 404(b) and 609.

The court will **DENY IN PART** Martinez's motion, (Doc. 38), with respect to Rule 404(b) evidence, insofar as he seeks immediate disclosure of that evidence. However, the court finds that, in this case, reasonable notice is ten days and the government is directed to provide him with notice of all Rule 404(b) evidence that it intends to use against him at least ten days prior to trial. *See United States v. Taylor*, 2018 WL 1960669, at *7 (M.D.Pa. Apr. 26, 2018) (finding seven-days to ten-days-notice reasonable). Thus, the court will **GRANT IN PART** Martinez's motion only to the stated extent regarding ten-day pre-trial notice of Rule 404(b) evidence.

In the event that the government seeks to use Rule 609 evidence of any of Martinez's prior crimes of dishonesty or felony convictions, the court

will consider the *Bedford* factors at the appropriate time, if Martinez testifies at trial. However, the court will direct the government to indicate to defense counsel in advance of trial which, if any, prior convictions it will use for impeachment if Martinez does testify at trial—*i.e.*, to provide reasonable pre-trial notice. As such, the court will **DENY IN PART** Martinez's motion with respect to immediate pre-trial notice of the government's intention to offer Rule 609 evidence.

### 6. Motion for Disclosure under Rule 807

Martinez moves to compel the government to immediately disclose any hearsay statements it intends to introduce pursuant to the hearsay exception in Federal Rule of Evidence 807. Rule 807 is known as the residual exception. This exception allows a hearsay statement to avoid exclusion by the rule against hearsay, even if the statement is not specifically covered by an exception in Rule 803 or Rule 804, if certain criteria are established. Such a statement "is admissible only if the proponent gives an adverse party reasonable notice of the intent to offer the statement—including its substance and the declarant's name—so that the party has a fair opportunity to meet it." F.R.E. 807(b).

The government does not indicate whether it, at present, intends to introduce such evidence, but once again states that it is aware of the notice requirements for such evidence. The court is satisfied that the government will provide Martinez with the requisite pre-trial notice if it intends to offer evidence under Rule 807. As such, Martinez's motion for immediate notice, (Doc. 39), will be **DENIED**.

### 7. *Motion for Bill of Particulars*

In this motion, Martinez alleges that the government has failed to provide any meaningful discovery and requests and asks that the government identify any undisclosed and unidentified co-conspirators, aiders and abettors, and other individuals involved in the criminal acts charged, particularly where the government intends to call such persons as witnesses.

"The purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir.1971). A bill of particulars is not a discovery tool for the defendant, but rather is appropriate only when "an indictment's failure to provide factual or legal information significantly

impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989). "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985).

Additionally, "a motion for a bill of particulars, which if granted requires the Government to 'give the defendant only that minimum amount of information necessary to permit the defendant to conduct his <u>own</u> investigation' of the allegations against him or her." *United States v. Thomas*, 2016 WL 3148204, *1 (E.D.Pa. June 2, 2016) (quoting *Smith*, 776 F.2d at 1111 (emphasis in original)). "[T]rial judges must be allowed to exercise broad discretion in order to strike a prudent balance between the defendant's legitimate interest in securing information concerning the government's case and numerous countervailing considerations ranging from the personal security of witnesses to the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." *United States v. Rosa*, 891 F.2d 1063,1066 (3d Cir.1989). In considering a request for a bill of particulars, the court must be cognizant of the fact that, "[a]s with the indictment, there

can be no variance between the notice given in a bill of particulars and the evidence at trial." *Smith*, 776 F.2d at 1111.

Here, the government argues that the Indictment is more than sufficient to inform Martinez of the nature of the charges against him, to avoid surprise to him at trial, and to enable him to prepare his defense and, thus, there is no need for a bill of particulars. Having reviewed the Indictment, (Doc. 1), which contains the elements of the offenses and applicable dates, as well as pertinent details of the offenses, the court agrees that it provides Martinez sufficient information to prepare a defense.[2] Accordingly, the motion for a bill of particulars, (Doc. 40), is **DENIED**.

### 8. Motion to Produce the Government's Expert Information

Finally, Martinez requests that the government provide him with its expert information pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). This Rule provides, "At the defendant's request, the government

---

[2] Although Martinez alleges in his motion that the government has not provided any meaningful discovery, a recent motion *in limine* filed by Baker, (Doc. 94), in which Martinez joins, (Doc. 96), attached various exhibits received in discovery including the affidavit of probable cause in support of the search warrant, the narrative reports of various officers, and the 911 records. In light of this discovery, as well as the information set forth in the Indictment, (Doc. 1), a bill of particulars is unnecessary.

must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed.R.Crim.P.16(a)(1)(G). The summary "must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." *Id.* The purpose of this disclosure is to provide the defendant "a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Advisory Committee Notes to 1993 Amendment of Fed.R.Crim.P.16.

In its response, the government again states that it is aware of its obligations under Rule 16, as well as Rules 702, 703, and 705, but it does not indicate whether it has provided Martinez this information.

In light of the approaching October 19, 2020 trial date, the court will **GRANT** Martinez's motion, (Doc. 41), and direct the government to provide Martinez with its expert information, including the names of the experts it intends to call in its case-in-chief, the curriculum vitae for each expert, and a summary of each expert's testimony.

## III.    CONCLUSION

In light of the foregoing analysis, Martinez's eight pre-trial motions, (Doc. 34; Doc. 35; Doc. 36; Doc. 37; Doc. 38; Doc. 39; Doc. 40; Doc. 41), will be **GRANTED IN PART** and **DENIED IN PART**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 23, 2020**
19-32-01

- 21 -